HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAROUN EL KHOURY and SOPHIE EL KHOURY,

    Plaintiffs,

  v.

ELIAS ILYIA,

    Defendant.

Case No. 2:16-CV-01426-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Remand. Dkt. # 5. For the reasons stated below, the Court **GRANTS** the motion.

## II. BACKGROUND

On March 12, 2015, Plaintiffs served their Complaint on Defendant in California, and on April 9, 2015, Plaintiffs filed their Complaint in King County Superior Court. Dkt. # 6-1.

Defendant admitted in his Answer and his Amended Answer to Plaintiffs' Complaint that he was "a resident of King County, Washington with a primary residence

ORDER – 1

in Kent, Washington." *Id*. at Exs. 10, 11.  During a September 8, 2015 deposition in this matter, Defendant stated he was domiciled in Washington, but resided in California.  *Id*. at Ex. 22.  However, on April 18, 2016, Defendant submitted a declaration stating his intention to change his residence; "it is my intention upon my return of this trip to Lebanon to reside again in Trabucco Canyon, California." *Id.* at Ex. 12.  Until this point in time, Plaintiffs assert they did not know Defendant intended to remain in California and not Washington.  Dkt. # 5 at 5.

In May 2016, Plaintiffs feared that Defendant would evade a judgment for damages by attempting to relocate out of the country and sell his Washington property. Dkt. # 6-6.  As such, Plaintiffs filed and served a Motion for a Prejudgment Writ of Attachment on Defendant's property.  *Id*.  Plaintiffs' Prejudgment Writ of Attachment included an amount in controversy of $2,500,000.00.  *Id.*

On August 8, 2016, during a hearing on the Motion for a Prejudgment Writ of Attachment, the Honorable Veronica Galvan found that Defendant no longer resided in Washington.  Dkt. # 6-13 at 191.  Specifically, she found that "[t]he defendant does not reside in Washington.  This is no longer his usual place of abode for the last four years, according to his own statement . . . [h]e has an intent to be a resident of California." *Id.* Relying on Judge Galvan's ruling that Defendant did not intend to stay in Washington, Defendant filed a Notice of Removal to this Court on September 7, 2016.[1]  Dkt. # 1.

### III.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *1 (W.D. Wash. July 27, 2016); *see* 28 U.S.C. §§ 1331–1332.  District courts have "original jurisdiction" for causes of action that exceed an amount in controversy of $75,000.00 and where there is complete diversity between the parties.  28 U.S.C. § 1332(a)(1).  An individual is a citizen of the

---

[1] Initially, Defendant filed a Civil Cover Sheet and not a copy of the Notice of Removal with this Court on September 7, 2016.  *See* Dkt. # 1.  Defendant later attached his Notice of Removal on September 12, 2016.  Dkt. # 7.

ORDER – 2

state in which he is domiciled, not his state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A "corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Heacock*, 2016 WL 4009849, at *1 (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court if the case becomes removable on the basis of diversity, even though the case lacked diversity of citizenship at the time it was filed.[2] *See* 28 U.S.C. § 1441. However, a defendant may not remove a case based on diversity jurisdiction more than one year after the action has commenced, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Removal statutes are construed restrictively, and the removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Any doubts as to the right of removal are resolved in favor of remanding the case to state court. *Id.*; *see also Zazueta v. Nationstar Mortgage LLC*, No. 3:16-CV-05893-RJB, 2017 WL 74682, at *1 (W.D. Wash. Jan. 9, 2017).

## IV. DISCUSSION

### A. Bad Faith Exception

Defendant removed this case after the one year time limit set forth under 28 U.S.C. § 1446.[3] Dkt. # 7 at 2. However, Defendant claims the bad faith exception should apply, extending the time in which he may remove. *Id.* Plaintiffs argue that Defendant cannot demonstrate that Plaintiffs acted in bad faith to prevent Defendant from

---

[2] Additionally, 28 U.S.C. § 1446 provides that a "notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3).

[3] Defendant concedes that his motion is outside the one year time limit set forth under 28 U.S.C. § 1446. Dkt. # 7 at 2.

ORDER – 3

removing within the one year deadline. Dkt. # 5 at 1. Defendant asserts that the Court should deny Plaintiffs' Motion to Remand because Plaintiffs should have known Defendant's intention to reside in California, despite Defendant's own admission that he was a resident of Washington. Dkt. # 7 at 3. As evidence, Defendant notes that Plaintiffs served Defendant at his ex-wife's home in California; Plaintiffs did not serve him in Washington. *Id.* Therefore, Defendant contends that Plaintiffs knew Defendant was not a Washington resident, even though he admitted he was multiple times. *Id.*

The Ninth Circuit has not addressed the standard to be applied to the bad faith exception in the context of diversity jurisdiction. *Zazueta*, 2017 WL 74682, at *1 (citing *Heller v. Am. States Ins. Co.*, No. CV159771DMGJPRX, 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016)). However, district courts have found that the bad faith exception "applies to plaintiffs who join defendants solely to prevent removal, and then dismiss them after the one-year deadline has expired when they could have kept them in the suit. *Heacock*, 2016 WL 4009849, at *1 (citing *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014)). To determine whether a plaintiff has acted in bad faith to prevent removal, the court must look to the plaintiff's "subjective intent" in naming a non-diverse defendant. *Id.* at *2. Additionally, in the context of sanctions, the Ninth Circuit has defined bad faith as a "high threshold." *Zazueta*, 2017 WL 74682, at *1 (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9$^{th}$Cir. 1997)).

Plaintiffs did not act in bad faith by failing to question Defendant's own admission of residency. Defendant repeatedly admitted he was a resident of Washington, he owned a home in Washington, and he was domiciled in Washington—in fact, for over a year from when this action commenced, Defendant asserted his Washington residency. Dkt. # 6-1 at Exs. 10,11, 22. Promptly after they realized Defendant's intention to change his residence, Plaintiffs filed their Motion for a Prejudgment Writ of Attachment. Dkt. # 6-6; Dkt. # 6-12.

ORDER – 4

In their Motion for a Prejudgment Writ of Attachment, Plaintiffs expressed concern that Defendant was preparing to leave the country for Lebanon, was in the process of removing his property in Washington, and was attempting to change his residence to another state or country. Dkt. # 6-6 at 10. Plaintiffs filed the motion out of concern that Defendant would evade a judgment for damages. *Id*. Plaintiffs did not intentionally join Defendant in order to prevent removal; rather, Plaintiffs believed, as evidenced by Defendant's own admissions, that Defendant was domiciled in Washington. Therefore, the Court finds Plaintiffs did not act in bad faith when Defendant asserted a change in his own residency more than a year after the commencement of this action. Dkt. # 6-12.

The Court finds it incredulous that Defendant would attempt to maintain his Notice of Removal on grounds of bad faith by Plaintiffs. It appears that Defendant hid his own residency from Plaintiffs. Defendant certainly knew where he resided, and it is unclear how Plaintiffs could have withheld this information from Defendant.

Defendant also argues Plaintiffs acted in bad faith because Plaintiffs did not enumerate their damages in their Complaint. Dkt. # 7 at 4. Instead, Plaintiffs stated their damages in their Motion for a Prejudgment Writ of Attachment. Dkt. # 6-6. Defendant argues that Plaintiffs concealed the amount in controversy in order to prevent removal. Dkt. # 7 at 4. However, "[i]n any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined." RCW ch. 4.28.360. Additionally, Defendant offers no evidence that Plaintiffs attempted to conceal the amount in controversy, instead offering only conclusory allegations against Plaintiffs. *See* Dkt. ## 7, 50. Therefore, Defendant fails to meet his burden under 28 U.S.C. § 1446. For these reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

ORDER – 5

### B.     Attorney's Fees

Under 28 U.S.C. § 1446(c), the Court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140, 126 S.Ct. 704 (2005)). In order to determine whether an award of costs and fees is proper, courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

Plaintiffs request attorney's fees incurred as a result of the removal and any attorney fees which have been increased as a result of any delay under 28 U.S.C. § 1446(c). Dkt. # 5. The Court has no trouble finding that Defendant lacked an objectively reasonable basis for seeking removal in light of what appears to be his blatant misrepresentation of his residency under oath in his deposition and pleadings. Dkt. # 6-1 at Exs. 10,11, 22. This type of gamesmanship has no place in litigation and will not be tolerated without consequences. *See Conrad v. Geico Indem. Co.*, No. C14-1922 MJP, 2015 WL 778098, at *4 (W.D. Wash. Feb. 24, 2015) (finding attorney fees appropriate under 28 U.S.C. § 1446(c)). Therefore, Plaintiffs are entitled to attorney's fees and costs associated with this removal.

### V.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion and **REMANDS** to King County Superior Court. Dkt. # 5. Plaintiffs are awarded their attorney's fees and costs associated with this motion. **Plaintiffs must file supporting documentation for the attorney's fees within ten (10) days of the date of this Order.**

ORDER – 6

**Defendant will then have five (5) days to make any objections.  The briefs shall not exceed ten (10) pages.**

DATED this 22nd day of March, 2017.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 7